# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JUAN ANDRADE-ARROYO, | CV F 07-0370 AWI <br> (CR F 03-5331 AWI) |
| Petitioner, | ORDER ON PETITIONER'S MOTION TO AMEND, VACATE OR SET ASIDE HIS SENTENCE |
| v. | |
| UNITED STATES OF AMERICA, | (28 U.S.C. § 2255) |
| Respondent. | |

On February 14, 2005, petitioner Jose Juan Andrade-Arroyo ("Petitioner") was convicted by plea of guilty to violation of 8 U.S.C. § 1326, deported alien found in the United States. In the instant motion Petitioner seeks to amend, vacate or set aside his sentence of 77 months pursuant to 28 U.S.C. § 2255 (hereinafter, the "2255 Motion"). For the reasons that follow, Petitioner's 2266 Motion will be denied.

### FACTUAL AND PROCEDURAL BACKGROUND

At the time the indictment was filed charging Petitioner in the instant case, Petitioner was serving a term of imprisonment in California state prison on drug trafficking charges that were not related to the charge in this court. Petitioner's plea of guilty was entered without a plea

agreement. Petitioner was sentenced on October 11, 2005. Pursuant to the United States Sentencing Guidelines ("USSG"), the base offense level of 8 was increased by 16 levels pursuant to USSG 2L1.2 because Petitioner had been deported on February 1, 2001, following his conviction for possession of a controlled substance for sale. The Presentence Investigation Report ("PIR") that was prepared by the Probation Department for Petitioner's sentencing calculated an adjusted offense level of 24. Three levels were subtracted for acceptance of responsibility. The PIR calculated a criminal history category of VI. The guideline rage was calculated to be 77 to 96 months. Petitioner was sentenced at the bottom end of that range. The felony conviction that resulted in the 16-point enhancement of Petitioner's base offense level was not related to conviction for which Petitioner was serving a term of state imprisonment at the time the indictment was filed in the instant case.

On October 14, 2005, Petitioner filed a notice of appeal with the Ninth Circuit. On January 5, 2007, the Ninth Circuit entered judgment on their decision affirming Petitioner's conviction. The instant 2255 Motion was timely filed on March 7, 2007. Petitioner's 2255 Motion alleges four grounds for relief, each of which is cast as a claim alleging ineffective assistance of counsel. Petitioner's four claims allege variations on the same theme. Petitioner's general contention is that he was denied effective assistance of counsel because his attorney failed to bring to the court's attention the prosecution's unreasonable delay in prosecuting Petitioner's case. Petitioner alleges that, because of the prosecutorial delay, he completed his state sentence before he was sentenced on the federal charge and consequently he was denied the opportunity to serve at least some portion of his federal sentence concurrently with his state sentence. Petitioner contends he suffered ineffective assistance of counsel because his attorney did not request a downward departure to compensate for the lost opportunity to serve at least some portion of his federal sentence concurrently with his state sentence.

**LEGAL STANDARD**

Section 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court

established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997). To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. Id. Mere conclusory statements in a section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).

## DISCUSSION

Petitioner's 2255 Motion fails because the facts alleged by Petitioner to underpin his four claims for relief are simply not true. Petitioner alleges in his first claim for habeas relief that his attorney failed to bring to the court's attention the fact that the court has authority to depart downward to adjust for time that could have been served concurrently with a state-imposed term of imprisonment but for a fortuitous delay in the prosecution of the federal case. The fact is Petitioner's attorney *did* bring Petitioner's contention to the court's attention, and *did* bring to the court's attention the authority Petitioner primarily relies upon. . See Defendant's Sentencing Memorandum, Doc. # 15at 4(citing United States v. Sanchez-Rodriguez, 161 F.3d 556, 563-564 (9th Cir. 1998) (*en banc*)).

Second, Petitioner claims he suffered ineffective assistance of counsel because his attorney failed to point out that Petitioner was indicted in 2003 and that Petitioner would have

3

been treated more favorably under the factors listed at 18 U.S.C. § 3584 had the case been prosecuted and settled in 2003. Again, Petitioner's claim is simply contrary to fact. Petitioner's attorney very explicitly pointed out that Petitioner was indicted in 2003 and Petitioner's attorney offered exhibits to show that sentences for the same conviction as Petitioner's that were calculated using the 2003 guidelines were typically considerably shorter than the sentence recommended for Petitioner. See id. at 2-4 (discussing observed sentencing disparities between cases sentenced under 2003 guidelines and the recommended sentence under the guidelines used at Petitioner's sentencing).

Petitioner's third and fourth claims are variations on the same theme. The third claim alleges ineffective assistance of counsel because Petitioner's attorney failed to attack the Government's prosecutorial delay and the fourth claim alleges ineffective assistance of counsel because Petitioner's trial counsel failed to request downward departure pursuant to Sanchez-Rodriguez. As above, Petitioner's claims are simply contrary to the facts of the case. Petitioner's attorney did request downward departure under Sanchez-Rodriguez at the time of sentencing and most of Plaintiff's sentencing memorandum constituted an attack on the government's delay in the prosecution of this case. So far as the court can determine, the sentencing memorandum prepared by Petitioner's attorney prior to the sentencing hearing sets forth substantially all of the claims Petitioner alleges his attorney did not make. Whether or not the issues Petitioner now raises were discussed orally at the time of sentencing, it is clear that Petitioner's attorney had discharged his duty to bring those claims to the court's attention in writing.

Even if Petitioner's attorney had failed to raise the issues of delayed prosecution and loss of opportunity to serve some portion of his federal sentence concurrently, a hypothesis the court rejects, Petitioner claim of ineffective assistance of counsel would still fail. To show ineffective assistance, Petitioner must show both deficient performance by counsel, and prejudice. United States v. Cochrane, 985 F.2d 1027, 1030 (9th Cir.1993). To show prejudice, Petitioner must

demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). It is on the prejudice prong that Petitioner's claim would fail because Petitioner has failed to show that, but for the proper objections or requests for downward departure, Petitioner would have received a more favorable sentence.

First, Petitioner does not allege, nor is the court aware of any right of an accused to be prosecuted according to any particular schedule so long as the prosecution does not run afoul of the Speedy Trial Act or an applicable statute of limitations. Apart from the opportunity to be sentenced to serve time under a federal sentence concurrently to unserved state time, Petitioner does not cite any authority that establishes any right to the resolution of his case sooner rather than later within the time frame allowed by applicable statutes. Thus, the only conceivable benefit that Petitioner could have lost by the delayed prosecution of his case is the benefit of whatever right may exist, if any, to serve his federal sentence concurrently with any undischarged state time.

Petitioner admits that, to the extent there is any justification for his sentence on the federal charge to run concurrently with undischarged time on his state conviction, that justification is found in section 5G1.3(c) of the USSG. By its own terms, section 5G1.3(c) provides that a court may impose a sentence to run consecutively, partially concurrently, or concurrently with any undischarged state sentence. Section 5G1.3(c) provides that a district court exercises its discretion to run a sentence concurrently with undischarged state time in order to "achieve a reasonable punishment for the instant offense." The fact the court *can*, in its discretion, impose a sentence to run concurrently to an undischarged state-imposed sentence does not create a right or expectation to such a sentence. Petitioner cannot claim any prejudice arising from his attorney's failure to request a downward departure to compensate for time that he could have served concurrently unless he can show that he probably *would* have been sentence to serve at least some of his federal sentence concurrent with undischarged state time if he had been

sentenced earlier while the state time was still undischarged.

Plaintiff correctly lists the factors the court must consider in order to determine whether a sentence should be imposed to run consecutively or concurrently to undischarged state time Those factors are found at 18 U.S.C. § 3553(a). But Petitioner fails to establish that the consideration of those factors would have likely caused the court to impose his sentence to run concurrently or partially concurrently with undischarged state time. In this court's experience, the imposition of a sentence to run concurrently with an undischarged state sentence is more the exception than the rule, and there is nothing evident in Petitioner's claims that would tend to suggest that his case was in any way exceptional. Absent a showing of facts that would weigh in favor of imposing a sentence to run concurrently, there is no prejudice where counsel does not request downward departure under Sanchez-Rodriguez.

THEREFORE, pursuant to the foregoing discussion, it is hereby ORDERED that Petitioner's 2255 Motion is hereby DENIED. The Clerk of the Court shall CLOSE the CASE.

IT IS SO ORDERED.

Dated: **March 20, 2009**        /s/ **Anthony W. Ishii**
                               CHIEF UNITED STATES DISTRICT JUDGE